UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OSWALD URBAN NELSON, ) | |
| ) | |
| Plaintiff, ) | No. 3:12-mc-00036 |
| ) | Judge Campbell |
| v. ) | |
| ) | |
| LOIS DEBERRY SPECIAL NEEDS, ) | |
| ) | |
| Defendant. ) | |

# M E M O R A N D U M

Plaintiff Oswald Nelson, an inmate at the Lois DeBerry Special Needs Facility in Nashville, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983, alleging that he was sexually assaulted by f/n/u Officer Powell while the plaintiff was receiving medical care at the facility's health center and subsequently retaliated against due to his rejection of the officer's advances. (Docket No. 1). The plaintiff seeks seven hundred and fifty thousand dollars ($750,000.00) in damages or a different job at the facility. (*Id.* at p. 7).

Because the plaintiff is a prisoner, the court is obliged to conduct a preliminary review of his complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

The plaintiff alleges claims under § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The plaintiff's complaint names the Lois DeBerry Special Needs Facility as a defendant. However, the facility where the plaintiff is incarcerated, like any other jail or workhouse, is not a "person" that can be sued under 42 U.S.C. § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Marbry v. Correctional Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000). Thus, the plaintiff's claims against the Lois DeBerry Special Needs Facility will be dismissed.

Although the plaintiff did not list Officer Powell by name in the "Defendant" section of the complaint (see Docket No. 1 at p. 5), the plaintiff specifically alleges in the complaint that Officer Powell, who is a known homosexual according to the plaintiff, "massaged [the plaintiff's] body and rubbed [his] geneatials [sic] several times." (*Id*. at p. 6). According to the plaintiff, after he told Officer Powell that he did not wish to become involved in a personal or sexual relationship with him, Officer Powell retaliated against the plaintiff by taking away the plaintiff's privileges. (*Id.*)

Considering the plaintiff's *pro se* status and the plaintiff's identification of Officer Powell by name in the complaint, the court construes the complaint to additionally allege claims against Officer Powell. Although it is unclear whether the plaintiff ultimately can prevail on claims against Officer Powell, the court finds that the plaintiff has sufficiently stated claims upon which relief can be granted under the Eighth Amendment of the United States Constitution through 42 U.S.C. § 1983 against Officer Powell. However, the plaintiff's claims against the Lois DeBerry Special Needs Facility fail to state a claim upon which can be relied and therefore will be dismissed.

An appropriate order will be entered.

                                                          /s/ Todd Campbell
                                                          Todd J. Campbell
                                                          United States District Judge