IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

OSWALD URBAN NELSON          )
                            )
        v.                  )          NO. 3:12-0814
                            )
LOUIS DEBERRY SPECIAL NEEDS, et al.    )


TO:  Honorable Todd J. Campbell, District Judge


# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered August 8, 2012 (Docket Entry No. 18), this action was referred to the

Magistrate Judge to enter a scheduling order for the management of the case, to dispose or

recommend disposition of any pretrial motions 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct

further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the

Local Rules of Court.

Presently pending before the Court is the Motion to Dismiss filed by Defendant Leslie Powell

(Docket Entry No. 27), to which the Plaintiff has responded in opposition. See Docket Entry No. 33.

For the reasons set out below, the Court recommends that the Defendant's motion be granted and

this action be dismissed.


## I.  BACKGROUND

The Plaintiff is currently an inmate of the Tennessee Department of Correction ("TDOC")

confined at the Louis DeBerry Special Needs Facility ("DeBerry") in Nashville, Tennessee.  On

April 30, 2012, he filed a Complaint (Docket Entry No. 1) pro se and in forma pauperis seeking damages under 42 U.S.C. § 1983 for alleged violation of his civil rights. He subsequently filed an Amended Complaint on May 25, 2012. See Docket Entry No. 5. The Plaintiff alleges that DeBerry Correctional Officer Leslie Powell made sexual advances toward him and "massaged and rubed (sic)" him on at least three occasions. See Docket Entry No. 5, at 6. He further alleges that he was retaliated against and "taken advantage of" because he rejected Powell's advances. Id. He alleges that he has submitted numerous grievances about this matter and others but that the grievances are not processed and that he has also talked to internal affairs about the matter. Id. at 3.

By the Order of referral, process was issued to the Defendant Powell on the Plaintiff's claims, but DeBerry was dismissed from the action because it is a building that is not capable of being sued under Section 1983.[1] In lieu of an answer, Defendant Powell filed the pending motion to dismiss.

In his motion, Defendant Powell contends that the action warrants dismissal because the Plaintiff failed to exhaust his administrative remedies prior to filing the action. Specifically, Defendant Powell asserts that the Plaintiff did not pursue available administrative appeals when his grievances about Powell were deemed inappropriate at the initial stage and returned to the Plaintiff. In support of his motion, Defendant Powell submits the Affidavit of DeBerry Sergeant Julie Campbell (Docket Entry No. 29-1) and copies of grievance documents.

In response to the motion, the Plaintiff asserts that he pursued the avenues and procedures available to him at DeBerry for grieving what was occurring but that nothing was done to remedy the matter. In addition to his prison grievances, he contends that the matter was investigated by

---

[1] In his original and amended complaints, the Plaintiff listed DeBerry as the sole defendant. However, the Court construed the plaintiff's complaint to also allege claims against Officer Powell. See Docket Entry No. 17, at 2.

Internal Affairs and that he "went through" numerous prison officials about the matter.  <u>See</u> Docket

Entry No. 33.


## II. STANDARD OF REVIEW

Motions to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure are

reviewed under the standard that the Court must accept as true all of the allegations contained in the

complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor

of the <u>pro se</u> plaintiff.  <u>See</u>  <u>Kottmyer v. Maas</u>, 436 F.3d 684 (6th Cir. 2006); <u>Boswell v. Mayer</u>, 169

F.3d 384, 387 (6th Cir. 1999); <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 11-12 (6th Cir.

1987).  However, although the complaint need not contain detailed factual allegations, the plaintiff

must provide the grounds for his entitlement to relief and this "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action."  <u>Bell Atlantic Corp. v.</u>

<u>Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating <u>Conley v.</u>

<u>Gibson</u>, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). <u>See</u> <u>also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129

S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief.

<u>Twombly</u>, 550 U.S. at 555-61.  More than bare assertions of legal conclusions are required to

withstand a motion to dismiss and the complaint must contain either direct or inferential allegations

respecting all of the material elements to sustain a recovery under some viable legal theory.  <u>Id.</u>;

<u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436-37 (6th Cir. 1988).  The Court need

not accept as true legal conclusions or unwarranted factual inferences.  <u>See</u> <u>Gregory v. Shelby Cnty.</u>,

220 F.3d 433, 446 (6th Cir. 2000); <u>abrogated in part on other grounds</u>, <u>Buckhannon Bd. & Care</u>

Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSIONS

A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, states that:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. Porter v. Nussle, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998). Although exhaustion is mandatory under the PLRA, the failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that must be pled and proven by the defendant. Jones v. Bock, 549 U.S. 199, 211-17, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Once the affirmative defense of failure to exhaust is raised, a prisoner plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. See Napier v. Laurel Cnty., Ky., 636 F.3d 218 (6th Cir. 2011).

Defendant Powell sets forth evidence that the Plaintiff submitted two grievances regarding Powell but that both grievance were returned to the Plaintiff at the initial stage and neither grievance was appealed. Defendant Powell contends that the first grievance, submitted March 19, 2012, was returned to the Plaintiff as unable to be processed because it did not contain enough specificity, i.e., dates and times, and the Plaintiff was directed to resubmit it with corrections. See Affidavit of Julia Campbell (Docket Entry No. 29-1), at ¶ 4. Defendant Powell contends that the second grievance, submitted March 24, 2012, was "deemed inappropriate to the grievance procedure" under TDOC Policy because it involved disciplinary matters and was untimely or addressed multiple issues. Id. at ¶ 5; Docket Entry No. 29-1, at 6. The Inappropriate Grievance Notification Forms provided to the Plaintiff with both of the returned grievances contain the following language:

> If you are still interested in filing this grievance, please make the necessary corrections and return to Grievance Office for further processing immediately. If you would like to appeal this response, sign the bottom of your grievance, check "yes" then date it and place (with this coversheet) back in the grievance box.

See Docket Entry No. 29-1, at 3 and 6. This language comports with TDOC Policy 501.01 (VI)(H), which provides that "[i]f the [grievance] chairperson determines a matter to be non-grievable, the grievant may appeal that decision as outlined in the handbook TDOC Inmate Grievance Procedures."[2] Defendant Powell contends that the Plaintiff failed to file an appeal upon the return of either grievance which would have advanced the grievance to the next level of administrative review available under TDOC policy. As such, Defendant Powell argues that the Plaintiff failed to exhaust these grievances.

---

[2] The Court takes judicial notice of TDOC policies as posted on the TDOC's public website, http://www.tn.gov/correction/policies/poly.html.

The Plaintiff asserts in his Response in Opposition that he "went through all responable (sic) avenues and procejures(sic) available to a inmate in the facility and nothing was done going any further than building would be like me committing a crime and wanting someone else to take the charge." See Docket Entry No. 33. However, he fails to support this assertion with any evidentiary support and has not set forth any evidence rebutting the evidence which shows that the returned grievances were not appealed.

To establish that he has exhausted his administrative remedies, the plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). The undisputed evidence before the Court shows that the Plaintiff did not present his grievances about Defendant Powell through one complete round of the established TDOC grievance process.

The Plaintiff appears to argue that it would have been pointless to pursue an appeal from the notices of inappropriate grievances. However, his subjective belief does not relieve him from the burden of pursuing those avenues of administrative relief. It is well-settled that there is no futility exception to the exhaustion requirement. Booth, 532 U.S. at 741 n.6; Napier v. Laurel Cnty., Ky., 636 F.3d 218, 222 (6th Cir. 2011); Boyd v. Corrections Corp. of America, 380 F.3d 989, 998 (6th Cir. 2004); Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999).

The Plaintiff also appears to argue that the rule of exhaustion should not apply or should be viewed as being satisfied because he went to prison officials directly with his complaints about Defendant Powell and because internal affairs was made aware of and investigated his complaints.

See Docket Entry No. 33. Again, the Plaintiff provides no actual evidentiary support for his assertions.

Regardless, the Sixth Circuit has repeatedly held that a prisoner cannot satisfy the exhaustion requirement through informal complaints to prison officials; rather, the prisoner must use the formal grievance process provided by the institution. See Shephard v. Wilkinson, 27 Fed.Appx. 526, 527, 2001 WL 1563934, *1 (6th Cir. Dec. 5, 2001) ("While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); Jewell v. Leroux, 20 Fed.Appx. 375, 377, 2001 WL 1131355, *1 (6th Cir. Sept. 21, 2001) ("While he also raised informal complaints in several letters to prison authorities, he must follow the formal grievance process to properly exhaust his administrative remedies."); Clark v. Beebe, 1999 WL 993979, *2 (6th Cir. Oct. 21, 1999) (district court erred in holding that prisoner had substantially complied with exhaustion requirement by writing a letter to the U.S. Attorney that eventually made its way to the warden). See also Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). Further, when an established grievance procedure is available to an inmate, an internal affairs investigation is not a substitute for a grievance process and does not serve to excuse the inmate's failure to exhaust his available administrative remedies. See Pavey v. Conley, 663 F.3d 899, 905-06 (7th Cir. 2011); Panaro v. City of N. Las Vegas, 432 F.3d 949, 953 (9th Cir. 2005); Thomas, 337 F.3d at 734; Jernigan, 304 F.3d at 1032.

# RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the Defendant's motion to dismiss (Docket Entry No. 27) be GRANTED and this action be DISMISSED WITH PREJUDICE for the reasons stated herein.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of  this Report and Recommendation to which objection is made.  Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET  GRIFFIN
United States Magistrate Judge